**Marion H. WILLIAMS, Petitioner,**

v.

**Harold J. CARDWELL, Respondent.**

No. 72-1924.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 12, 1973.

Decided March 30, 1973.

George W. Hairston (Court appointed), Columbus, Ohio, for appellant; George, Greek, King, McMahon & McConnaughey, Columbus, Ohio, on brief.

Jeffrey L. McClelland, Asst. Atty. Gen., Columbus, Ohio, for appellee; William J. Brown, Atty. Gen., Columbus, Ohio, on brief.

Before WEICK, MILLER and LIVELY, Circuit Judges.

PER CURIAM.

Williams, an inmate of the Ohio penitentiary at Columbus, Ohio, was convicted by a jury in the Common Pleas Court of Franklin County of unlawfully participating in a prison riot and unlawfully holding or participating in holding hostages by force and threat, all in violation of § 2921.18 Ohio Revised Code. His conviction was affirmed on appeal by the Court of Appeals for Franklin County and his motion for leave to appeal to the Supreme Court of Ohio was dismissed by that Court on the ground that no constitutional question was presented.

He then applied to the District Court for a writ of habeas corpus alleging that his conviction in the state court was a violation of his constitutional rights in six different particulars. The District Court granted an evidentiary hearing and, in addition, considered the case on the trial record and the briefs and arguments of counsel. The District Court prepared and filed an Opinion and Order in which he considered all of the issues raised by Williams and denied the writ.

Williams has appealed to this court on a single issue, namely, that he was denied the effective assistance of counsel because the lawyer who was appointed by the state court to represent him seven months before the trial was denied permission to interview other inmates at the prison, and was denied access to Williams' prison and medical records until the day of the trial.

Williams' defense at the trial was that he did not participate in the riot and was unable to do so because he was "high" on drugs.

The District Court found, however, that the appointed counsel was afforded an opportunity to and did interview the prison inmates which he subpoenaed at the time of the trial, and that he was also permitted to inspect Williams' prison and medical records. The counsel did offer medical evidence in support of his contention that Williams was high on drugs. The state court charged the jury on the issue of intent.

The District Court found that counsel adequately represented Williams and failed to prove that the earlier denial of access was prejudicial.

In our opinion, the findings of fact of the District Court in his well-considered opinion were supported by substantial evidence and are not clearly erroneous. In his conclusions of law, the District Court correctly applied the law.

The judgment of the District Court is therefore affirmed.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.